UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SNEED LEASING, LLC,<br>*Plaintiff*<br><br>v.<br><br>NEXT UNLIMITED TRUCKING<br>SERVICE, LLC AND NENAD LUKIC,<br>*Defendants* | §<br>§<br>§<br>§ Case No. 1:25-CV-01104-ADA-SH<br>§<br>§<br>§<br>§ |

# ORDER

On July 16, 2025, the District Court referred all pending and future nondispositive motions in this case to this Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the District Court's Standing Order on referrals to United States Magistrate Judges ("Local Rules").

Defendants removed this case from the 455th District Court in Travis County, Texas on July 16, 2025, invoking this Court's diversity jurisdiction. Dkt. 1. Before removal, attorney Mikel Eggert appeared as counsel for Plaintiff Sneed Leasing, LLC. Dkt. 1-3. Eggert is not admitted to practice before this Court.

Local Rule AT-1(f)(1) states: "An Attorney who is licensed by the highest court of a state or another federal district court, but who is not admitted to practice before this court, may represent a party in this court pro hac vice only by permission of the judge presiding." On July 21, 2025, the District Court ordered Eggert to file a Motion to Appear *Pro Hac Vice* within 14 days. Dkt. 4. The Court warned counsel that failure to timely file a motion to appear *pro hac vice* could result in counsel being stricken from the docket. *Id.* The Office of the Clerk issued Eggert a second notice, on August 5, 2025, warning that he was required to file a motion to appear *pro hac vice*. Dkt. 10.

1

On August 25, 2025, this Court issued an order to show cause and file a motion to appear *pro hac vice* within 14 days. Dkt. 11. Eggert has not complied with the Courts' orders.

Accordingly, **IT IS ORDERED** that Mikel Eggert is **TERMINATED** as counsel in this case. As a corporation, Plaintiff cannot proceed without counsel. *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). Plaintiff must retain new counsel who is admitted to practice before this Court or obtains *pro hac vice* status.

The Court **ORDERS** Plaintiff to retain new counsel by **September 29, 2025**. Failure to do so may result in the dismissal of this suit under Rule 41(b). *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).

**SIGNED** on September 17, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE